IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
ALBUQUERQUE DIVISION

| | |
|---|---|
| DAVID JUSTICE, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>MIZUHO BANK, LTD. and MARK KARPELES,<br><br>*Defendant*. | Case No. 1:18-cv-286 NF-KHR |

**PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

Plaintiff David Justice hereby moves the Court,[1] pursuant to Federal Rule of Civil Procedure 60(a), for an order correcting a clerical error affecting the Court's order granting Defendant Mizuho Bank Ltd.'s motion to dismiss (dkt. 16) and the judgment entered immediately thereafter (dkt. 17), which resulted in the dismissal of Plaintiff's claims as to both Defendant Mizuho *and* Defendant Mark Karpeles. In support of this Motion, Plaintiff states as follows:

1. Plaintiff filed this case on March 26, 2018 against Defendants Mizuho Bank, Ltd. and Mark Karpeles, seeking to recover losses he and others sustained following the sudden collapse of the Mt. Gox bitcoin exchange. (Dkt. 1.)

2. On June 8, 2018, Plaintiff filed a waiver of service of summons form, relating to Defendant Mizuho Bank, Ltd. (Dkt. 3.)

---

[1] Because Mr. Karpeles has not appeared in this case, Plaintiff is unable to determine whether he concurs on the relief sought herein. *See* Civ. L.R. 7.1(a).

1

3.  Around that same time, Plaintiff began the process of serving Defendant Mark Karpeles—an individual presently living in Japan—via the procedures set forth in the Hague Convention. That process involved translating relevant case documents into Japanese and attempting to deliver those (and other) documents to Mr. Karpeles via Japan's Ministry of Foreign Affairs. Based on Plaintiff's understanding (including his attorneys' experience in attempting to serve Mr. Karpeles in related matters), the process of serving individuals through the Hague Convention in Japan takes several months.

4.  On July 16, 2018, Defendant Mizuho Bank moved to dismiss Plaintiff's claims, because, *inter alia*, it argued that the Court lacked general or specific jurisdiction over Mizuho. (Dkt. 6.) Generally speaking, Mizuho argued that it had not engaged in any suit-related contact that created a substantial connection with New Mexico (e.g., it had no idea that Justice was a citizen of New Mexico before this case was filed). (*Id.* at 9-10.) Mizuho's motion, however, did not seek dismissal of Plaintiff's claims against Mark Karpeles in any capacity.

5.  On November 13, 2018, and after full briefing from the Mizuho and Plaintiff Justice, the Court granted Mizuho's motion to dismiss, finding that because "there is no allegation that Mizuho's activities were direct to Plaintiff . . . [or] New Mexico," there was no "support . . . for personal jurisdiction [over] Mizuho in New Mexico." (Dkt. 16 at 8.) But while the Court recognized that the motion to dismiss was brought by Mizuho only, (*id.* at 1 ("This matter is before the Court on Defendant Mizuho Bank Ltd.'s . . . Motion to Dismiss"), and addressed facts relating to Mizuho's lack of any directed conduct towards Mr. Justice or New Mexico, (*id.* at 1-7), the Court's conclusion resolved the motion as if it was filed on behalf of both Mizuho *and* Mark Karpeles, (*id.* at 8 ("IT IS ORDERED that **Defendants'** Motion to Dismiss is GRANTED based on lack of jurisdiction.") (emphasis added)).

6. On November 13, 2018, and consistent with the Court's conclusion stated in the order on Mizuho's Motion to Dismiss, the Court entered judgment in favor of both Mizuho *and* Mark Karpeles. (Dkt. 17 ("The Court having granted **Defendants'** Motion to Dismiss….") (emphasis added).)

7. Rule 60(a) of the Federal Rules of Civil Procedure "provides the Court with authority to 'correct a clerical mistake or a mistake arising from oversight or omission,' in order to conform the language in the judgment to the Court's original intent or its necessary implications." *Fleming v. Gutierrez*, No. 13-CV-222 WJ/RHS, 2015 WL 12991248, at *1 (D.N.M. Aug. 19, 2015) (quoting *Garamendi v. Henin*, 683 F.3d 1069, 1077-80 (9th Cir. 2012)). Clerical mistakes in judgment may be corrected "at any time on [the Court's] own initiative or after notice by any party." *Id.*

8. Plaintiff respectfully submits that the Court's dismissal of the case against *Mark Karpeles* for want of personal jurisdiction was based on a clerical error, wherein the Court erroneously granted the relief sought by Mizuho (i.e., dismissal of Plaintiff's case for lack of personal jurisdiction) to Mark Karpeles as well.[2]

9. Therefore, to "conform the language in the [Court's] judgment to the Court's original intent," *Fleming*, 2015 WL 12991248, at *1, Plaintiff respectfully requests that the Court correct the judgment entered on November 13, 2018 and reinstate Plaintiff's claims against Mark Karpeles. Should the Court reopen the case, Plaintiff intends to immediately move the Court to

---

[2] For context, Plaintiff notes that, from a jurisdictional perspective, his case against Mark Karpeles is quite different from the one against Mizuho. Indeed, Mr. Karpeles recently attempted—but failed—to dismiss an almost identical case proceeding against him in the Northern District of Illinois on personal jurisdiction grounds. *Greene v. Karpeles*, No. 14-cv-01437, dkt. 401 (N.D. Ill. Jan. 11, 2019) ("The parties shall proceed on the assumption that Defendant Karpeles's motion to dismiss [for lack of personal jurisdiction] will be denied.").

3

approve alternative service on Mr. Karpeles pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure[3] and—assuming Mr. Karpeles does not answer the Complaint—seek an entry of default.

WHEREFORE, Plaintiff David Justice respectfully requests that the Court correct the judgment entered on November 13, 2018, clarify that the dismissal without prejudice applies to Plaintiff's claims against Mizuho Bank, Ltd. only, and reinstate Plaintiff's claims against Defendant Mark Karpeles.

Dated: March 4, 2019                                    Respectfully submitted,

                                                         By: /s/ Benjamin S. Thomassen
                                                         *One of Plaintiff's Attorneys*

                                                         Benjamin S. Thomassen
                                                         bthomassen@edelson.com
                                                         Edelson PC
                                                         350 North LaSalle Street
                                                         Suite 1400
                                                         Chicago, Illinois 60654
                                                         Tel: 312.589.6370
                                                         Fax: 312.589.6378

---

[3] To date, two different federal courts have granted Rule 4(f)(3) motions to approve alternative service on Mr. Karpeles in cases mirroring this one. *Pearce v. Karples*, No 18-cv-306, dkt. 18 (E.D. Penn. March 4, 2019); *Greene v. Karpeles*, No 14-cv-1437, dkt. 235 (N.D. Ill. Sept. 21, 2016).

## CERTIFICATE OF SERVICE

    I, Benjamin S. Thomassen, hereby certify that I served the above and foregoing document by causing true and accurate copies of such paper to be emailed to Defendant Mark Karpeles at magicaltux@gmail.com on March 4, 2019. Mr. Karpeles has used this email address to communicate with me on several

                                   /s/ Benjamin S. Thomassen