IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| DAVE JUSTICE,<br><br>                    Plaintiff,<br><br>vs.<br><br>MIZUHO BANK, LTD. And MARK KARPELES,<br><br>                    Defendants. | Case No:  18-CV-286-F |

### ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

This matter is before the Court on Plaintiff's Motion for Relief from Judgment. The Court has reviewed the motion and is fully informed in the premises.

On November 13, 2018, the Clerk of Court entered Judgment in this case after the Court dismissed Defendant Mizuho Bank, Ltd for lack of personal jurisdiction.  (Doc. 16). Plaintiff then waited more than four months to seek relief from the Judgment as to the claims against Defendant Mark Karpeles.  At the time the Clerk entered Judgment, Plaintiff had yet to obtain service on Defendant Mark Karpeles.  Plaintiff now asks the Court to vacate the Judgment in this case as to Mark Karpeles.

Plaintiff filed his motion under Rule 60(a) which provides for relief from a Judgment or Order based on a clerical mistake.  Specifically, Rule 60(a) provides:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an

appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

The Tenth Circuit has explained that:

> Rule 60(a) may be relied on to correct what is erroneous because the thing spoken, written, or recorded is not what the person intended to speak, write, or record. *Allied Materials Corp. v. Superior Prods. Co.*, 620 F.2d 224, 226 (10th Cir. 1980). Rule 60(a) may not be used to change something that was deliberately done, *Security Mut. Casualty Co. v. Century Casualty Co.*, 621 F.2d 1062, 1065 (10th Cir. 1980), even though it was later discovered to be wrong. *Allied Materials*, 620 F.2d at 226. A correction under Rule 60(a) should require no additional proof. See, e.g., *Trujillo v. Longhorn Mfg. Co.*, 694 F.2d 221, 226 (10th Cir. 1982).

*McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989).

In this case, the Clerk intentionally entered the Judgment and the Court intended to dismiss the entire case without prejudice based on the lack of personal jurisdiction over Mizuho Bank. Therefore, this matter does not fall under Rule 60(a). Rather, the Court finds this motion should be brought pursuant to Rule 60(b)(1) based on mistake.

Specifically, Rule 60(b)(1) provides: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect[.]" Generally the "mistake" provision in Rule 60(b)(1) is only available where: "where the judge has made a substantive mistake of law or fact in the final judgment or order." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996).

Plaintiff's argument is that the Court made a mistake of law in dismissing Plaintiff's entire Complaint without prejudice, without substantive findings on the claims

against Mark Karpeles. However, even if the Court did commit a mistake in entering the Judgment, Plaintiff's motion for relief is untimely.

The rules provide a motion under Rule 60(b) must be made within "a reasonable time", but no more than a year after the entry of judgment. Fed. R. Civ. P. 60(c)(1). However, the Tenth Circuit has found that when a motion challenges a mistake by the Court, it must be filed within the time constraints for a direct appeal. See *Van Skiver v. U.S.*, 952 F.2d 1241, 1244 (10th Cir.1991) ("relief may be granted under Rule 60(b)(1) on a theory of mistake of law, when . . . the Rule 60(b) motion is filed before the time to file a notice of appeal has expired.") (citing *Morris v. Adams–Millis Corp.*, 758 F.2d 1352, 1358 (10th Cir.1985)); *Thompson v. Kerr–McGee Refining Corp.*, 660 F.2d at 1385 (indicating that Rule 60(b) motions to vacate mistakes of law are governed by the thirty day appeals deadline).

In this case, Plaintiff waited more than four months from the entry of the Judgment until seeking relief from Judgment. The Court finds this motion is untimely.

## CONCLUSION

For all the above stated reasons, the Court finds that Plaintiff's requested relief under Fed. R. Civ. P. 60(a) to correct a clerical error, is actually a claim under Fed. R. Civ. P. 60(b)(1) to correct a judicial mistake. This motion is untimely because it was not filed within the time allowed for a direct appeal. For these reasons Plaintiff's motion is denied.

IT IS ORDERED that Plaintiff's Motion for Relief From Judgment is DENIED.

Dated this  25th  day of March, 2019.

                                    */s/ Nancy D. Freudenthal*
                                    NANCY D. FREUDENTHAL
                                    UNITED STATES DISTRICT JUDGE